**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

          Plaintiff,

    vs.                   **Case No. 11-40057-03-RDR**

JUAN ANGEL CRUZ,

          Defendant.

_____

**O R D E R**

This matter is presently before the court upon defendant's motion for additional time to file motions.  The defendant seeks an extension of the deadline for pretrial motions, which is presently October 17, 2011, because of the need to review discovery that was just produced by the government on October 13, 2011.  Defense counsel notes that he has not had the opportunity to discuss this material with the defendant.  The defendant notes that the government has no objection to this motion.

The defendant is charged with two others with (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The original indictment in this case was filed on July 27, 2011.  A superseding indictment was filed on August 24, 2011.  The defendant is in custody pending trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court

may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and he shall be allowed until November 17, 2011 in which to file pretrial motions. The government shall be allowed until November 28, 2011 to file its responses. The hearing on all pretrial motions filed in this case shall be held on December 9, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge