IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

 vs.                             **Case No. 11-40057-04**

ALFREDO BURGOIN,

           Defendant.

## **MEMORANDUM AND ORDER**

This matter is presently before the court upon several motions filed by Alfredo Burgoin, who is proceeding pro se. The court has a hearing scheduled to hear pretrial motions in this case, but the court finds it necessary to resolve most of these motions prior to the hearing. Some of the issues raised by the defendant are so frivolous that the court need not waste court time during the scheduled hearing. Other matters raised by the defendant in these pleadings are easily decided, so no further argument is necessary.

The defendant is charged with two others in a superseding indictment with (1) conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court originally appointed counsel for the defendant. On October 6, 2011, the defendant informed the court that he wished to terminate the representation of his appointed counsel. After a hearing, the court allowed appointed counsel to

withdraw and allowed the defendant to represent himself.  The court did appoint standby counsel for the defendant.

The court shall now consider the following motions/pleadings filed by the defendant: (1) "Jurisdictional Challenge to the prosecution/plaintiff and to the court by special appearance" [Doc. # 53]; (2) motion for leave for copy of complaint [Doc. # 54]; (3) motion for grand jury transcripts [Doc. # 55]; (4) "Findings for Right to Discovery" [Doc. # 56]; (5) "Order:  To Vacate a Closed case" [Doc. # 59]; (6) motion for change of venue [Doc. # 64]; (7) "Findings of Right to Recuse/ Request to Change Judge" [Doc. # 66]; (8) "Findings or Right to a Statement of Jurisdiction" [Doc. # 70]; (9) "Request to Compel" [Doc. # 71]; (10) motion for production of ministerial grand jury records [Doc. # 77]; (11) "Findings of Lawful Status" [Doc. # 79]; and (12) motion to dismiss indictment for failure to comply procedural requirements [Doc. # 81].

**Recusal**

The court shall initially address the defendant's "Findings of Right to Recuse/Request to Change Judge" (Doc. # 66), which the court shall construe as a motion to recuse.  In this motion, the defendant contends that I should recuse in this case because (1) his Sixth Amendment right to counsel was violated by my appointment of "standby counsel" for the defendant against his will; and (2) I acted in a biased and prejudicial manner when I suggested at an earlier hearing that he would face a harsher sentence if he

continued to listen to a "jailhouse lawyer."

"The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases." United States v. Nickl, 427 F.3d 1286, 1298 (10th Cir. 2005) (quoting Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980)) (internal quotation marks omitted). "To demonstrate a violation of due process because of judicial bias, a claimant must show either actual bias or an appearance of bias." Bixler v. Foster, 596 F.3d 751, 762 (10th Cir. 2010) (quoting Nickl, 427 F.3d at 1298) (internal quotation marks omitted); cf. 28 U.S.C. § 455(a) (requiring a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned"). "The standard is purely objective, and [t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." United States v. Gambino-Zavala, 539 F.3d 1221, 1228 (10th Cir. 2008) (alteration in original) (quoting Nickl, 427 F.3d at 1298) (internal quotation marks omitted).

The allegations of the defendant are insufficient to show actual bias or an appearance of actual bias. The court begins by examining the defendant's contention that his Sixth Amendment right to counsel was violated by the court's appointment of standby counsel. The Constitution guarantees to every criminal defendant the "right to proceed without counsel when he voluntarily and intelligently elects to do so." Faretta v. California, 422 U.S.

3

806, 807 (1975). The right reflects "a nearly universal conviction, on the part of our people as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so." Id. at 817. The right of self-representation recognized in Faretta does not bar the court from appointing standby counsel. The Supreme Court has made clear that the right of self-representation is not absolute. McKaskle v. Wiggins, 465 U.S. 168, 178-179 (1984) (appointment of standby counsel over self-represented defendant's objection is permissible). Thus, the mere appointment of standby counsel over the defendant's objection does not constitute a violation of the defendant's Sixth Amendment rights or constitute bias or prejudice against him. The court does intend to allow the defendant to control his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the court and the jury at appropriate points in the trial. Nevertheless, standby counsel may participate in the trial proceedings, even without the express consent of the defendant, as long as that participation does not "seriously undermin[e]" the "appearance before the jury" that the defendant is representing himself. Wiggins, 465 at 187. Additionally, the court is under no duty to provide personal instruction on courtroom procedure or to perform any legal "chores" for the defendant that counsel would normally carry out. Id., at 183-184. Even at the trial level,

therefore, the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer.

The court turns next to the comments made by the court during the earlier hearing. The court finds that any statements made at the time that the defendant sought to represent himself fail to show actual bias or an appearance of actual bias. The court was simply informing the defendant of the dangers of self-representation. These dangers exist at the pretrial stage, at trial, and at sentencing. The court's comments were appropriate and proper given the circumstances. In any event, in general, "[a]lthough a judge's remarks during the course of a trial may be 'critical,' 'disapproving,' or 'hostile' to a party, usually they will not support a partiality charge." Nickl, 427 F.3d at 1298 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). The remarks made by the court simply fail to show any partiality. Accordingly, the court does not find that the defendant has demonstrated any entitlement to recusal here.

**Jurisdictional Challenges**

Three of the defendant's pleadings (Doc. ## 53, 59 and 70) raise similar arguments. Defendant's "Jurisdictional Challenge," which he filed on October 27, 2011, is a 54-page document which contains numerous citations to cases, statutes including the Uniform Commercial Code, the Constitution and the Bible. The

5

defendant has attached 26 pages of "affidavits" which contain dictionary definitions as well as additional references to cases, statutes, and the Constitution. The point of this document and the attachments appears to be that this court lacks jurisdiction to hear this criminal case. In the motion, the defendant twice indicates that his document is <u>not</u> a motion. Rather, he contends that his pleading is a "self executing document" which requires that the charge against him be dismissed unless within 24 hours of the document's filing the court and the prosecutors show by sworn affidavit proof of jurisdiction.

The defendant followed up his "Jurisdictional Challenge" with a document he filed on November 4, 2011 that he labeled as "ORDER: To Vacate a Closed case. NOT A MOTION!" In this pleading, he declared that this case is ordered closed for lack of a response by the government to his "Jurisdictional Challenge." The defendant then filed a document entitled "FINDINGS OR RIGHT TO A STATEMENT OF JURISDICTION" on November 18, 2011. In this pleading, the defendant requests that this action be dismissed unless the court or the government can prove that this court has jurisdiction to prosecute this criminal case.

The court begins by noting that it is unaware of any rule or statute which supports the procedure the defendant asserts must follow in concert with his "self-executing document." Logically, defendant is not in charge of deciding whether the case against him

6

shall be dismissed.  Therefore, in spite of defendant's claim that Doc. ## 53 and 59 are not motions, the court shall treat them as motions to dismiss for lack of jurisdiction.

The law is well-settled that this court has authority to hear cases charging a violation of the federal drug laws.  See Gonzales v. Raich, 545 U.S. 1, 15 (2005); see also 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."); United States v. Tony, 637 F.3d 1153, 1158 (10th Cir. 2011) ("in every federal criminal prosecution [subject matter jurisdiction] comes from 18 U.S.C. § 3231, . . . That's beginning and the end of the jurisdictional inquiry.").  In addition, Article I, Section 8 of the United States Constitution grants to Congress the power to create, define and punish crimes irrespective of where they are committed.  United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994); United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) cert. denied, 500 U.S. 920 (1991).  A similar challenge to the court's "territorial jurisdiction" was specifically rejected by the Tenth Circuit in United States v. Lampley, 127 F.3d 1231, 1245-46 (10th Cir. 1997), cert. denied, 522 U.S. 1137 (1998) where the court stated:

> Defendants. . .challenge. . .the original jurisdiction of the federal district court to prosecute crimes committed within the States.  Their principal argument is that the States are sovereign and the federal government is not authorized to prosecute crimes committed within their borders.  The Supremacy Clause, the Civil War, the

> decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States.

See also United States v. Deering, 179 F.3d 592, 597 (8th Cir.) cert. denied, 528 U.S. 945 (1999); United States v. D'Armond, 65 F.Supp.2d 1189, 1197-98 (D.Kan. 1999). Since the court's jurisdiction to hear this matter is firmly established, the defendant's "Jurisdictional Challenge" and the follow-up documents, which the court has treated as motions to dismiss, shall be denied.

In a reply to the government's response to his jurisdiction challenge, the defendant argued that he was actually challenging the authority of the United States to prosecute this action. He contends that the United States must show proof of jurisdiction to prosecute this case. This argument is also without merit and must be rejected. "The Constitution is the source of Congress' authority to criminalize conduct, whether here or abroad, and of the Executive's authority to investigate and prosecute such conduct." United States v. Verdugo-Urquidez, 494 U.S. 259, 280 (1990). Thus, the government's attorneys in this case need not "bring proof of jurisdiction to prosecute" as suggested by the defendant.

**Discovery Requests**

The court shall next turn to defendant's motions seeking various materials (Doc. ## 54, 55, 56, 71 and 77). In these motions, the defendant seeks various information from the

government and asserts various problems with the pleadings that the government has filed in this case. The government has responded to these motions.

The court has studied the various pleadings filed by the defendant. The court must note initially that they reflect a lack of understanding of the applicable law and rules. The court warned the defendant when he sought to represent himself that he was probably unprepared to undertake the responsibilities required to handle this case. These pleadings reinforce the comments made earlier by the court. Nevertheless, the court will proceed to decide these motions.

The defendant initially argues that he is entitled to a copy of the complaint in this case. He also contends that the indictment is not a valid document because it is "not signed under the penalty of perjury and therefore fails to meet the 4th Amendment requirement of probable cause." He further notes that Fed.R.Civ.P. 11 requires that "all documents filed by prosecutor and judge be signed under penalty of perjury."

The court is not aware that a complaint was filed in this case. Thus, the defendant's request for a copy of the complaint shall be denied as moot. This case was initiated with an indictment, which was later superseded. A grand jury issued each of the indictments. The indictments appear to comply with Fed.R.Crim.P. 7 and the Fifth Amendment to the United States

Constitution. There is no requirement, as suggested by the defendant, that an indictment be "signed under the penalty of perjury." In addition, Rule 11 does not require that all documents filed by the government or the court be "signed under penalty of perjury." Therefore, this motion shall be denied.

The defendant also seeks a copy of the grand jury transcripts because he believes that the U.S. Attorney and ICE agents "lied" and made "false declarations" before the grand jury. "As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." <u>United States v. Procter & Gamble</u>, 356 U.S. 677, 682 (1957). A court may authorize disclosure of grand jury testimony, however, if the defendant shows that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E)(ii). To obtain the testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy. <u>Proctor & Gamble</u>, 356 U.S. at 681-82. The vague and conclusory allegations offered by the defendant do not demonstrate a particularized need for disclosure. Accordingly, the defendant's motion shall be denied.

The defendant next requests all evidence that is discoverable. He asks that he be provided copies of all discovery. The government has responded that it has provided full discovery to his prior counsel who has been asked to provide that discovery to

defendant's standby counsel. The government notes that full discovery is only provided to counsel who agree not to allow their clients to make copies or keep the discovery materials. The government suggests that the defendant can inspect all of the discovery that it is in the possession of with the defendant's standby counsel.

The court agrees with the defendant that he is entitled to receive the discovery provided by the Federal Rules of Criminal Procedure and other established law. However, these requirements may not be all of the discovery that the government has disclosed in this case. At this time, the court is satisfied that the defendant has access to all of the discovery provided by the government. If the procedures noted by the government have caused or will cause the defendant some problems or concerns, he can so advise the court at the hearing on the pretrial motions and the court will consider his complaints at that time.

The defendant also filed another motion entitled "Request to Compel" in which he again sought (1) a copy of the complaint in this case; and (2) proof of jurisdiction. For the reasons previously stated, this request to compel production of documents shall be denied.

The defendant has recently filed a motion for production of "ministerial" grand jury records. The defendant states initially that he requests the United States to produce the records and

minutes of the grand jury that investigated and/or indicted him in this case. He then specifically requests the following information: (1) any order, directive or communication of any court, officer or agent of the United States authorizing the investigation of the defendant and the summons of the grand jury; (2) any order, directive or communication of any court, officer or agent of the United States authorizing extension of the grand jury beyond any initially authorizing term; (3) any record, directive or communication of any court, officer or agent of the United States relating to selection procedures or empaneling of the grand jury; (4) all written and oral instructions, directive or communication of any court, officer or agent of the United States made to the grand jury relating to the duties of grand jurors or to the law or facts applicable to the grand jury's investigation; and (5) the date, time, place and duration of each hearing or session held by the grand jury in connection with this investigation and return of the indictment including the identification of all individuals, all people who were present in the grand jury room. The government contends in response that the records sought by the defendant are protected from disclosure absent the defendant's ability to demonstrate with particularity the existence of a compelling need sufficient to outweigh the policy of grand jury secrecy. The government has failed to set forth any specific reasons why the individual requests of the defendant for certain documents should

be kept secret.

As explained previously in this order, grand jury proceedings are confidential and matters before the grand jury are presumed to be secret. The secrecy of grand jury proceedings is codified in Fed.R.Crim.P. 6(e). The court, however, can allow the disclosure of ministerial records of the grand jury. <u>In re Cudahy</u>, 294 F.3d 947, 951 (7th Cir. 2002); <u>In re Grand Jury Investigation</u>, 903 F.2d 180, 182 (3rd Cir. 1990); <u>In re Special Grand Jury</u>, 674 F.2d 778, 779 (9th Cir. 1982); <u>United States v. Diaz</u>, 236 F.R.D. 470, 479 (N.D.Cal.2006); <u>In re Grand Jury Proceedings, Special Grand Jury 89-2</u>, 813 F.Supp. 1451, 1469-70 (D.Colo. 1992). A ministerial record is one that generally relates to the procedural aspects of the empaneling and operation of the grand jury. <u>In re Special Grand Jury</u>, 674 F.2d at 779 n. 1. The standard is whether "disclosed information would reveal the substance or essence of the grand jury's investigation or deliberations." <u>In re Grand Jury Proceedings</u>, 813 F.Supp. at 1469. The disclosure of these materials is discretionary with the court. <u>Id</u>.

With the above framework in mind, the court shall direct the government to provide the following materials to the defendant's standby counsel: (1) the order to draw the grand jury that produced the indictment and superseding indictment in this case; (2) the subsequent orders to reconvene the grand jury when the indictment and the superseding indictment were issued; (3) the

13

charge to the grand jury given by Judge Robinson.  The court notes that there been have no orders to extend the grand jury that issued the indictments in this case, so this request is denied as moot.  The court shall also direct the defendant's attention to D.Kan. Rule 38.1 for the procedures for the selection of grand jurors in the District of Kansas.  With this information, the defendant's request for the grand jury selection procedures is denied as moot.  Thus, the court shall generally grant the defendant's requests.  To the extent that the court has not addressed the other requests, the court shall deny them.  The government shall produce the aforementioned documents to the defendant's standby counsel.  To the extent that the government does not possess these documents, the clerk of the court is directed to make copies of the necessary documents and make them available to defendant's standby counsel.  To the extent necessary to comply with this order, the court orders that such orders currently filed under seal be unsealed.

**Venue**

The court turns to defendant's request for change of venue.  In this motion, defendant contends that venue is improper in Kansas because he "did not participate in any overt act that took place in Kansas or would have a 'locus' of an effect in Kansas."  He also contends that having the trial in Topeka, Kansas would "severely prejudice" him because he would have "no witnesses to call on so far from home."

As to defendant's claims of improper venue as to the conspiracy charges, as a general rule, Article III of the Constitution mandates that the trial of a crime be held in the state where the crime was committed. U.S. Const. art III, § 2, cl. 3 ("The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed."). The Sixth Amendment also works to protect a criminal defendant's right to a speedy trial "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Where a conspiracy charge is at issue, however, venue is proper in any district in which some act in furtherance of the conspiracy was committed, even if the defendant has neither been to the jurisdiction nor committed any acts there. United States v. Acosta-Gallardo, 656 F.3d 1109, 1118 (10th Cir. 2011).

Here, the superseding indictment sufficiently alleges the necessary conspiracy-related activity to justify venue in the District of Kansas. The defendant has failed to demonstrate that venue is improper here.

The defendant has suggested that the court should transfer this case to another district "in the interest of justice and the better administration of it." The proper venue for criminal actions is normally "in [the] district in which the offense was committed." Fed.R.Crim.P. 18. A court may transfer a proceeding to another district, upon motion, "[f]or the convenience of parties

15

and witnesses, and in the interest of justice." Fed.R.Crim.P. 21(b). The defendant has failed to demonstrate that the transfer of this case is necessary for the convenience of the parties and witnesses, and in the interest of justice. He has only pointed out he will be unable to call witnesses so far from home. He, however, has not explained (1) who those witnesses are; (2) what they will testify to; and (3) why they will be unable to attend trial in Kansas. The showing made by the defendant is simply inadequate to justify transfer of this case. See United States v. Williams, 897 F.2d 1034, 1037 (10th Cir. 1990). Accordingly, this aspect of the motion shall also be denied.

**Foreign Sovereign Immunities Act**

The defendant has filed a pleading entitled "Findings of Lawful Status." The court shall construe this document as a motion for relief under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 et seq. The defendant declares he is a "Mexican National" and contends that he is immune from prosecution under the FSIA. He complains he is being denied due process of law due to various actions by this court. He also requests that the Mexican Embassy be informed of his present status as a defendant in this case. The government responds that the FSIA provides no immunity from federal prosecution for the defendant. The government further indicates it has informed the Mexican consulate of this pending action against the defendant.

The court finds that the defendant is not entitled to any relief under the FSIA. The FSIA provides that in civil actions foreign states are generally immune from the jurisdiction of the United States. 28 U.S.C. § 1604; <u>Hansen v. PT Bank Negara Indonesia (Persero), TBK</u>, 601 F.3d 1059, 1060 (10th Cir. 2010). The statute provides no relief for individuals unless they are acting within the scope of official duties for their country. See <u>Enahoro v. Abubakar</u>, 408 F.3d 877 (7th Cir. 2005). The defendant fails to show that he is entitled to any relief in this criminal case based upon the FSIA. Accordingly, this portion of the motion shall be denied. The defendant's request for notification of the Mexican authorities shall be denied as moot.

**Dismiss Indictment for Procedural Irregularities**

The defendant has filed a motion to dismiss the indictment for the government's failure to comply with procedural requirements (Doc. # 81). In the motion, the defendant contends that the indictment should be dismissed because it does not have a "real valid signature" of the foreperson and the assistant United States attorney. This contention lacks merit for a variety of reasons. The court notes initially that the originals of the indictment and the superseding indictment do contain signatures of the foreperson and the assistant United States Attorney. The defendant is correct that the copies of the indictments contained in the public file do not contain signatures. This fact does not require dismissal of

the indictments.  See United States v. Curls, 219 Fed.Appx. 746, 752 (10th Cir. 2007) (lack of foreman's signature in the public file does not indicate that grand jury failed to issue indictment and fails to establish a Fifth Amendment violation).  Finally, dismissal would not be an appropriate remedy even if the indictment violated Fed.R.Crim.P 6(c) or 7(c) because such signatures were absent.  See Hobby v. United States, 468 U.S. 339, 345 (1984) ("Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). Accordingly, the defendant's motion is denied.

**Pending Motion**

The court notes that one motion remains pending.  The defendant has filed a motion to suppress.  This motion will be considered at the hearing scheduled on January 10, 2012 at 9:30 a.m.

**IT IS THEREFORE ORDERED** that defendant's motion for recusal (Doc. # 66) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's pleadings seeking dismissal for jurisdictional reasons (Doc. ## 53, 59, 70 and 71) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for improper venue or to change venue (Doc. # 64) be hereby denied.

**IT IS FURTHER ORDERED** that the defendant's motion for leave of

copy of complaint (Doc. # 54) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for leave of grand jury transcripts (Doc. # 55) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for discovery (Doc. # 56) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's request to compel (Doc. # 71) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion for production of ministerial grand jury records (Doc. # 77) be hereby granted in part and denied in part as set forth in the foregoing memorandum.

**IT IS FURTHER ORDERED** that defendant's motion for relief under the Federal Sovereign Immunities Act (Doc. # 79) be hereby denied.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss for failure to comply with procedural requirements (Doc. # 81) be hereby denied.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2011 at Topeka, Kansas.

    s/Richard D. Rogers
    United States District Judge