IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) | | |
| vs. | ) | No. | 11-40057-01-RDR |
| | ) | | |
| MARCOS FIDEL MOJICA-CRUZ, | ) | | |
| JUAN ANGEL CRUZ, and | ) | | |
| ALFREDO BURGOIN, | ) | | |
| Defendants. | ) | | |
| _____) | | | |

## ORDER

Now on this 30th day of January, 2012, the above-entitled matter comes before the court upon the motion of the United States for an order continuing the trial in this matter until after April 9, 2012 pursuant to 18 U.S.C. § 3161(h). The court, after reviewing the motion and being fully advised in the premises finds as follows:

1. Trial in this matter is scheduled to commence on February 21, 2012.

2. Scott Francis is the agent that acted in an undercover capacity during the investigation in this matter. His testimony forms a substantial part of the government's evidence at the trial of this matter.

3.     For the above-stated reasons, Scott Francis is an essential witness as contemplated by 18 U.S.C. § 3161(h)(3).

4.     Scott Francis is also the case agent in a four (4) defendant trial stemming from a large wiretap investigation in the Western District of Missouri. That matter, which was indicted in May 2010, is currently set for trial on February 13, 2012 with an estimated trial time of three (3) weeks. Each of the four (4) defendants in that matter face sentences of life imprisonment if convicted. Trial preparation in that matter has begun and Francis has been forced to cancel other assignments as a result. Agent Francis shall be unavailable to assist or participate in this matter until after the aforementioned trial in the Western District of Missouri is concluded. In-depth trial preparation for the instant trial cannot reasonably commence without Agent Francis, and shall require approximately two (2) weeks prior to the ultimate trial setting.

5.     For all of the above-stated reasons, Scott Francis, an essential government witness in this matter, is unavailable as contemplated by 18 U.S.C. § 3161(h)(3), as his whereabouts are known but his presence for the trial and pretrial preparation of this matter cannot be obtained by due diligence.

6.     Government counsel plans to be out of state with family between March 17-25, 2012.  Counsel has handled this matter from its inception in the investigative state, to present.

7.     For the above-stated reasons, refusal to grant said request would deny the government continuity of counsel, as contemplated by 18 U.S.C. § 3161(h)(7(B)(iv).

8.     For the above-stated reasons, refusal to grant said request would deny the government counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, as contemplated by 18 U.S.C. § 3161(h)(7(B)(iv).

9.     For the above-mentioned reasons, refusal to grant said request for continuance of trial would result in a miscarriage of justice.  *See* 18 U.S.C. § 3161 (h)(8)(B)(i).

10.     Counsel for Mojica-Cruz does not oppose the instant motion.

11.     Counsel for Cruz does not oppose the instant motion.

12.     Stand-by counsel for Burgoin does not oppose the instant motion. Burgoin, personally, has not been consulted.  It is noted that at the last hearing in this matter Burgoin stated that he was going to hire California counsel to

represent him in this matter. As of the date of this motion, no entries of appearance have been filed on Burgoin's behalf.

13.　　All three (3) defendants in this matter have been detained pending trial of this matter.

14.　　The additional time requested will not prejudice the parties herein. Such additional time outweighs the best interests of the public and the defendants in a speedy trial, as set out in 18 U.S.C. § 3161(h)(7).

IT IS THEREFORE ORDERED that the motion of the United States for an order continuing the trial in this matter until after April 9, 2012 pursuant to 18 U.S.C. § 3161(h), is granted.

IT IS SO ORDERED.

s/Richard D. Rogers<br>United States District Judge