IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              **Case No. 11-40057-01-RDR**

MARCOS FIDEL MOJICA-CRUZ,

        Defendant.

**O R D E R**

This matter is presently before the court upon defendant's motion to extend pretrial motions deadline. The defendant seeks an extension of thirty days to file pretrial motions. He seeks additional time so his counsel, who was appointed to represent him on March 5, 2012, can review the voluminous discovery, discuss it with him, and conduct an adequate investigation of the case. The defendant notes that the government does not object to this motion. This is the first request for a continuance made by the present counsel in this case.

The defendant and two co-defendants are charged in a two-count indictment with (1) conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and (2) distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The defendant is in custody pending trial.

The current deadline for filing pretrial motions is May 2, 2012.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:" 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and the defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence. The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of

this matter.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

The defendant's motion shall be granted and he shall be allowed until June 1, 2012 in which to file pretrial motions. The government shall be allowed until June 11, 2012 to file its responses. The hearing on all pretrial motions filed in this case shall be held on June 25, 2012 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2012 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge